DLK, LLC v Kireland-B, LLC (2024 NY Slip Op 02275)

DLK, LLC v Kireland-B, LLC

2024 NY Slip Op 02275

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 155811/20 Appeal No. 2150 Case No. 2023-05397 

[*1]DLK, LLC, Appellant,
v
Kireland-B, LLC, Respondent, Medrite Midtown West LLC, Doing Business as Medrite et al., Defendants.

Zelenitz, Shapiro & D'Agostino, P.C., Kew Gardens (Lavinia A. Torun of counsel), for appellant.
Sherwood & Truitt Law Group, LLC, Garden City (Thomas G. Sherwood of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered April 20, 2023, which granted defendant Kireland-B, LLC's motion for summary judgment on its first counterclaim for a declaratory judgment and dismissing the complaint against it, denied plaintiff DLK, LLC's motion for summary judgment on its claim for a declaratory judgment, and adjudged and declared that the parties' respective ownership deeds to their adjoining commercial condominium units provided that Kireland's Unit 2 has an easement over DLK's Unit 4, and any encroachment by Unit 2 or of a certain demising wall onto DLK's Unit 4 space may remain and be maintained pursuant to said easement, unanimously affirmed, without costs.
Kireland established prima facie entitlement to summary judgment on its first counterclaim for declaratory relief based on an inquiry notice theory. Although a deed of Unit 2's easement was never recorded in Unit 4's direct chain of title, Kireland points to language in the sponsor's deed to DLK which provides that the transfer of ownership in Unit 4 to DLK was "SUBJECT to easements in favor of adjoining Units . . . for the continuance of all encroachments of such adjoining Units . . . now existing as a result of the construction or rehabilitation." Moreover, Kireland points to uncontradicted evidence that the building underwent substantial construction and renovation to, inter alia, transform a singular commercial space into four separate commercial units, that the erection of the demising wall was part of the building's renovation work, that the commercial space known as Unit 4 was viewed as small and difficult to rent due to its size, and that DLK did not exercise due diligence when investigating its purchase of Unit 4, notwithstanding that it agreed to purchase Unit 4 "AS IS." Kireland offered evidence from witnesses establishing that DLK did not measure Unit 4's space and compare it to the information in the amended declaration's filed floor plans for Unit 4, nor did it order a survey for Unit 4 prior to purchasing said unit. Such evidence would put a reasonable prospective purchaser on inquiry notice that easements could exist and to appropriately investigate any potential encroachments prior to purchasing a commercial unit (see Akasa Holdings, LLC v 214 Lafayette House LLC, 177 AD3d 103, 104-105, 120 [1st Dept 2019]).
DLK failed to raise a triable issue that it exercised due diligence given the circumstances presented. Deposition testimony established that DLK did not exercise due diligence in connection with its purchase of Unit 4, particularly inasmuch as it offered no evidence that it had measured the unit's floor space and/or obtained a survey of the newly constructed unit.
DLK's argument, that Unit 2's easement to encroach is outweighed by language in Unit 4's deed that DLK acquired ownership of Unit 4 "SUBJECT to the provisions of the Declaration, By-laws, and Floor Plans of the Condominium," and that the layout of Unit 4 is dictated [*2]by the filed amended floor plans for the unit, not the easement language is unavailing. The motion court properly determined that the two instruments must be read so as to not render the other meaningless (see Lawyers' Fund for Client Protection of State of N.Y v Bank Leumi Trust Co. of N.Y., 94 NY2d 398, 404 [2000]; see generally Marin v Constitution Realty, LLC, 28 NY3d 666, 673 [2017]; Williams Press, Inc. v State of New York, 37 NY2d 434, 440 [1975]).
Here, the Unit 4 deed followed the language of the "form deed" in the condominium plans that provided that easements for encroachments occurring in connection with "the construction or rehabilitation of the Building" would arise and continue for as long as the building shall stand. The condominium documents recognized that encroachments into units would possibly occur during construction, so there was no unexplained, contradictory relationship between the amended filed floor plans and the as-built units. The as-built commercial units came after the filing of the floor plans, as did the Unit 4 deed, which reflected both the potential easements and the filed condominium floor plans. A fair interpretation of the condominium documents, including the form deed therein and the Unit 4 deed, shows that that the drafter of the documents recognized that with ensuing construction and substantial renovation, easements as between the units would be warranted.
DLK's argument that Unit 2's encroachment by means of a demising wall located substantially into Unit 4's space violates its right to use its property, and that common law provides that neither owner to a common party wall may use such wall for the benefit of its own property is similarly unavailing. There is no evidence in the record that Kireland is utilizing the party wall in a manner that denies DLK a benefit of the party wall. DLK's further argument that the walled-off portion of its space which it can no longer access amounts to a "taking," is also unavailing, as Unit 4's accessible space, accepted by DLK "AS IS" at the time it entered into its agreement with the sponsor to purchase Unit 4, is no different than that which was observed by DLK, and transferred to it by deed.
To the extent DLK argues, in the alternative, that triable issues are raised by the record that preclude summary judgment to either party, including issues as to when the demising wall was erected, whether it was erected in connection with the construction, and whether it had a purpose to support the building structure, the argument is unavailing. Kireland's evidence in support of summary judgment addressed the first two issues DLK raises, and DLK failed to offer evidence that rebutted Kireland's evidence on these issues. Whether the purpose of the demising wall was to add "subjacent support" to the structure, which is recognized in Unit 4's deed as a basis for an easement, does not avail DLK. Easements allowing encroachment are permissible pursuant to the deed's language [*3]for reasons other than just "subjacent support." Raising this issue now is premised on speculation, and thus insufficient to defeat summary judgment (see
Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024